|     | The Honorable Robert S. Lasnik |
|---|---|
| 1 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KICHUL LEE, *et al.*,

        Plaintiffs,

    v.

ALBERTO R. GONZALES, *et al.*,

        Defendants

NO. C04-00449RSL

STIPULATION AND ORDER OF PROTECTION REGARDING PRIVACY ACT INFORMATION

    Plaintiffs, by and through their attorney, Robert Gibbs, and Defendants, by and through their attorneys, John McKay, United States Attorney for the Western District of Washington and Kristin B. Johnson, Assistant United States Attorney for said District, stipulate and agree to the following:

    1. This Stipulation and Order is agreed to and entered pursuant to Fed.R.Civ.P. 26(c), which provides for the issuance of protective orders limiting the disclosure of privileged and confidential documents and information in appropriate circumstances, and 5 U.S.C. § 552a(b)(11) and (g)(1), which provide an exception to the Privacy Act of 1974 for documents and information released pursuant to a court order.

ORDER OF PROTECTION
REGARDING PRIVACY ACT INFORMATION - 1
(C04-00449RSL)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2. This Stipulation and Order relates to a class action brought pursuant to INA § 310(c), 8 U.S.C. § 1421(c) (jurisdiction to hear de novo denials of applications for naturalization); 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 2201 (the Declaratory Judgment Act); and 5 U.S.C. § 701 (the Administrative Procedures Act). The class action challenges way the Seattle District Office of the United States Citizenship and Immigration Services ("USCIS"), applies the good moral character standard, when adjudicating applications for naturalization.

3. The parties have entered into a Settlement Agreement dated August 10, 2005, which contemplates the disclosure of documents and information that may be protected from release by the Privacy Act of 1974, 5 U.S.C. § 552(a). Specifically, the Settlement Agreement provides that the USCIS will provide class counsel with identifying information of naturalization applicants that fall within the class, but whose files cannot be located by the USCIS. (Paragraph 2C). The USCIS will provide class counsel with the most recent addresses, dates of birth, Social Security Numbers, and A-numbers of identified class members. (Paragraph 2D). The USCIS will provide class counsel the last known addresses, Social Security Numbers, and dates of birth of applicants whose Individual Notice to Class Members is returned as undeliverable. (Paragraph 4A). The USCIS will provide the names, current addresses, dates of birth, Social Security Numbers, and A-numbers of all applicants identified for individual notice under the Settlement Agreement and applicants who have submitted an N-400 application for naturalization seeking reconsideration under the Settlement Agreement. (Paragraph 8).

4. While disclosure of such information ordinarily is prohibited in civil litigation, the Privacy Act provides, as an exception, that such records may be released "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11). An order of this Court, therefore, would provide a basis for release of the requested information pursuant to the Privacy Act and Fed.R.Civ.Pro. 26(c), as well as insulate Defendants from potential liability for improper disclosure.  See 5 U.S.C. § 552a(g)(1).

ORDER OF PROTECTION
REGARDING PRIVACY ACT INFORMATION - 2
(C04-00449RSL)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5.      The purposes of this Stipulation and Order include protecting the confidentiality of certain information while ensuring that the parties are able to quickly and accurately identify potential class members and provide them the relief they may be entitled to under the Settlement Agreement.  Accordingly, the parties, subject to the Court's approval, stipulate and agree that the procedures set out in the ensuing paragraphs shall be followed with respect to information provided by Defendants pursuant to the Settlement Agreement and this Stipulation and Order.

6.      All information provided pursuant to the Settlement Agreement and this Stipulation and Order shall be used solely in connection with this lawsuit.  No information may be released or disclosed to any person other than:

   a.   the potential class member the information relates to or Class Counsel in this action;
   b.   secretaries, paralegal assistants, and other employees and agents of Class Counsel who are engaged in assisting Class Counsel in the preparation of this action;
   c.   outside consultants and experts consulted or retained for the purpose of assisting in the preparation of this action, upon condition that, before making disclosure, Class Counsel must obtain and retain an agreement in writing from the outside expert or consultant reciting that he or she has read a copy of this Stipulation and Order and agrees to be bound by its provisions; and
   d.   any other person mutually authorized by all counsel to examine such information and materials.

7.      Any person having access to the information disclosed by Defendants pursuant to the Settlement Agreement and this Stipulation and Order shall be informed that it is confidential and subject to a non-disclosure Order of the Court.  No such person shall release or disclose the information to any person other than those specifically identified in paragraph 6, above, without further order of the Court or stipulation of the parties.

8.      If Class Counsel intends to file any motion, opposition, reply or any other filing with the Court and attach thereto or set forth therein any document or information that Defendants have provided pursuant to the Settlement Agreement or this Stipulation and Order, Class Counsel shall file the document under seal.

9.      Within sixty days of the conclusion of this litigation, including any appeals therefrom, any originals or reproductions of any the information provided by Defendants

ORDER OF PROTECTION
REGARDING PRIVACY ACT INFORMATION - 3
(C04-00449RSL)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

under the Settlement Agreement and this Stipulation and Order shall be destroyed by Class Counsel or returned to the custody of counsel for the Defendants. If the documents are destroyed, Class Counsel shall so notify Defendants' counsel in writing.

10. Any specific part or parts of the restrictions imposed by this Stipulation and Order may be terminated at any time by a letter from counsel for Defendants to Class Counsel or by an order of the Court.

JOHN McKAY
United States Attorney

/s/ Robert H. Gibbs
ROBERT H. GIBBS
Robert Pauw
Christopher Strawn
1000 Second Avenue, Suite 1600
Seattle, WA 98104
(206) 224-8790
Counsel for Plaintiffs

/s/Kristin B. Johnson
KRISTIN B. JOHNSON
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Counsel for Defendants

The parties having stipulated, it is hereby **ORDERED** as follows:

1. Notwithstanding any other provision of the Privacy Act, 5 U.S.C. § 552a, et seq., the USCIS, its officers, agents, employees and representatives (including, but not limited to, the United States Attorney's Office for the Western District of Washington) are hereby authorized under 5 U.S.C. § 552a(b)(11) to release to Class Counsel the information identified in paragraphs 2C, 2D, 4A, and 8 of the Settlement Agreement dated August 10, 2005.

2. Class Counsel shall utilize such information only for the purpose of locating potential class members in order to notify them of their rights under the Settlement Agreement, and to monitor compliance with the Settlement Agreement, and shall make no further disclosure of such information beyond what is necessary to

ORDER OF PROTECTION
REGARDING PRIVACY ACT INFORMATION - 4
(C04-00449RSL)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

accomplish this purpose.

3. The USCIS, its officers, agents, employees and representatives are hereby relieved of any obligation under 5 U.S.C. § 552a(c) to make or keep any accounting of any disclosure or, under 5 U.S.C. § 552a(e)(8), to provide notice of any disclosure to any individual, made under the authority of this order.

4. The purpose of this order is to enable the USCIS its officers, agents, employees and representatives to provide information which they might otherwise be prohibited from disclosing under the Privacy Act, 5 U.S.C. § 552a, and as to which they might otherwise incur criminal and civil liability for having disclosed. However, it is understood and agreed that this order does not constitute an agreement or a ruling that any particular evidence is discoverable, relevant or admissible in this matter, nor may this order be construed to compel any action on the part of the USCIS or any of its officers, agents, employees or representatives.

DATED this 21st day of November, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER OF PROTECTION
REGARDING PRIVACY ACT INFORMATION - 5
(C04-00449RSL)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970