UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                    )
KICHUL LEE, *et al.*,                               )
                                                    )
                              Plaintiffs,           )      NO. C04-00449RSL
                                                    )
                    v.                              )
                                                    )
ALBERTO R. GONZALES,                                )      ORDER APPROVING
Attorney General *et al.*,                          )      SETTLEMENT AGREEMENT
                                                    )      AND FINAL JUDGMENT AND
                              Defendants.           )      ORDER OF DISMISSAL
                                                    )      WITH PREJUDICE
_____)

    This matter came before the Court for a hearing ("Settlement Hearing") on February

16, 2006, at 11:00 a.m., pursuant to this Court's January 20, 2006, Order Scheduling Fairness

Hearing (Dkt. #184).  On November 2, 2005, the parties submitted a Joint Motion for Order

for Notice and Fairness Hearing Pursuant to Rule 23(e) (Dkt. #150) based on the terms of the

Settlement Agreement set forth in the attachments to the Joint Motion.  The Court ordered

that notice of the proposed Settlement Agreement be given to class members (Dkt. # 153).

The notice was, in accordance with the Court's order, (1) posted by defendants in their

offices in Seattle, Yakima, and Spokane in a place visible to the public; (2) mailed by

defendants to their lists of community agencies and media in Washington State (these

entities were requested to distribute the notice);

(3) distributed by plaintiffs' counsel to the Washington State AILA list of members;

(4) posted by defendants on their webpage; (5) posted by plaintiffs' counsel on their

1   webpage; and (6) mailed by defendants to the potential class members identified by

2   defendants' CLAIMS 4 system, which includes all naturalization applicants from February 1,

3   1999 to the present, who have been denied naturalization for lack of good moral character,

4   but excepts those who were statutorily denied and those who have subsequently reapplied

5   and been naturalized.  Such notices were mailed or posted not later than December 5, 2005,

6   and remained posted until the date of the hearing on February 16, 2006.  Although the Court

7   received a number of submissions from individuals who had their naturalization applications

8   denied, none of the submissions raised any substantive objection to the terms of the proposed

9   settlement.  Having considered all papers filed in this matter, having heard the presentation

10  of counsel at the Settlement Hearing, having ascertained that no member of the audience

11  intended to object to the Settlement Agreement, and otherwise being fully informed of the

12  matters discussed herein, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

13      1.      This Judgment incorporates by reference the definitions in the Settlement

14  Agreement and all terms used herein shall have the same meanings as set forth in the

15  Settlement Agreement.

16      2.      This Court has jurisdiction over the subject matter of the litigation and over all

17  parties to the litigation, including all members of the class.

18      3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

19  finally certifies this action as a class action on behalf of all persons who have applied or will

20  apply for naturalization in the jurisdiction of the Seattle District Office, and who have been

21  or may be denied on or after May 4, 1998, on the basis of lack of good moral character,

22  excepting those who have been subsequently naturalized or those who are statutorily barred

23  from naturalization.  See Order Granting in Part Plaintiffs' Second Motion for Class

24  Certification (Dkt. #97).

25      4.      With respect to the class, this Court finds and concludes that: (a) the members

26  of the class are so numerous that joinder of all class members in the class action is

27  impracticable; (b) there are questions of law and fact common to the class, which

28

predominate over any individual question; (c) the claims of the lead plaintiffs are typical of the claims of the class; (d) the lead plaintiffs and their counsel have fairly and adequately represented and protected the interests of the class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interest of the members of the class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Settlement Agreement and the incorporated attachments to the Joint Motion and finds that said settlement is, in all respects, fair, reasonable and adequate to the class.

6.      This litigation and all claims contained therein are dismissed with prejudice as to any and all defendants, their employees, and their agents.

7.      The Court finds that the Settlement Agreement and settlement are fair, reasonable, just and adequate as to each of the settling parties, and that the Settlement Agreement and settlement are hereby finally approved in all respects, and the settling parties are hereby directed to perform its terms.

8.       The Notice to Class Members given to the class was the best notice practicable under the circumstances and included individual  notice of the proposed settlement to all members of the class who could be identified through reasonable effort. Said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.

9.      Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and Settlement

ORDER APPROVING SETTLEMENT
AGREEMENT AND FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH PREJUDICE - 3

Agreement; and (b) all parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

10.      The Court finds that during the course of the litigation, the settling parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

11.      Judgment is hereby entered according to the terms of the Settlement Agreement.  Defendants shall pay to plaintiffs' counsel attorney's fees in the amount of $183,425.00 and costs in the amount of $1,018.00.

IT IS SO ORDERED

Dated this 16th day of February, 2006.


_MN S Casnik_
Robert S. Lasnik
United States District Judge

ORDER APPROVING SETTLEMENT
AGREEMENT AND FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH PREJUDICE - 4