# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

KICHUL LEE, *et al.*,

    Plaintiffs,

v.

ERIC HOLDER, *et al.*,

    Defendants.

Case No. C04-0449RSL

ORDER GRANTING IN PART
MOTION FOR ATTORNEY'S FEES

This matter comes before the Court on plaintiffs' "Motion for Attorneys' Fees." Dkt. # 329 and # 331. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Plaintiffs' counsel have spent almost three and a half years monitoring defendants' activities to ensure that the United States Citizenship and Immigration Services ("USCIS") accurately identified class members and processed their applications for naturalization as required by the Settlement Agreement between the parties. Approximately eighteen months after final judgment was entered in this matter, counsel moved from a purely monitoring role to an enforcement role. On August 17, 2007, plaintiffs notified the Court that class members were facing unwarranted delays in the processing of their applications. Plaintiffs provided one example, and the Court ordered defendants to process his application within thirty days or face monetary sanctions. More importantly, the Court noted that, as of January 2008, class members' applications should be processed within seven months absent an incomplete application or recalcitrance on the part of the applicant. It took two more orders for defendants to understand that their promise to adjudicate class members' N400 applications within

the "normal Seattle District Office processing time" created a legally binding obligation. Plaintiffs filed a total of four motions to enforce the settlement, with each motion revealing unjustified and unacceptable delays, inaccurate or misleading information, and a surprising lack of diligence on defendants' part. Had plaintiffs' counsel not pursued the rights of their clients long after final judgment was entered, defendants might still be "processing" class members' applications for naturalization. As it was, it took over three years, until July 1, 2009, to obtain the relief defendants agreed to provide in February 2006.[1]

Defendants' failure to take the actions necessary to comply with the Settlement Agreement and final judgment of this Court was not reasonable or justified. The Court finds that defendants acted in bad faith and repeatedly forced plaintiffs to seek judicial assistance and incur additional attorney's fees. Defendants are therefore liable for the fees expended in enforcing the Settlement Agreement under the Court's inherent powers (Chambers v. Nasco, 501 U.S. 32, 45-46 (1991)) and the Equal Access to Justice Act (28 U.S.C. § 2412(b)). For the most part, plaintiffs carefully limited their application for fees to those spent enforcing, rather than monitoring, the Settlement Agreement. The Court finds, however, that fees incurred after July 1, 2009 (including fees associated with the filing of this motion), were not related to a breach of the Settlement Agreement and are therefore not recoverable.

For all of the foregoing reasons, plaintiffs' motion for attorney's fees is GRANTED in part. Plaintiffs are entitled to an award of $58,897.50.

Dated this 24th day of September, 2009.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Plaintiffs' request for fees is not untimely. This motion was filed less than thirty days after defendants filed their last status report in this matter.

ATTORNEY'S FEE ORDER - 2